**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JAMIE BURNS, | |
| Plaintiff, | |
| | JURY TRIAL DEMANDED |
| v. | |
| | Case. No. |
| TRUNK CLUB, INC., | |
| Defendant. | |

## COMPLAINT

Plaintiff, Jamie Burns ("Ms. Burns"), by and through her attorney, Jac A. Cotiguala, brings this Complaint, pursuant to the Illinois Right to Publicity Act ("IRPA"), 765 ILCS § 1075/1 *et seq*., and Section 43 of the Lanham Act, 15 USC § 1125, against Defendant, Trunk Club, Inc. ("Trunk Club"), and, in support thereof, states as follows:

## INTRODUCTION

1.      This case arises out of Defendant's unauthorized use of Plaintiff's identity and trademark in an advertisement distributed to customers promoting its services following Plaintiff's separation from her employment.  Plaintiff brings these claims for violation of the right to publicity, false designation of origin, false endorsement, and dilution.  Plaintiff seeks statutory damages and injunctive relief, as well as costs and attorneys fees.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over the Lanham Act claims pursuant to 15 USC § 1125(a) (false designation of origin, false descriptions, and dilution forbidden) and 28 U.S.C. § 1331 (federal question). The District Court has subject matter

jurisdiction over the IRPA claim pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

3.     Venue is proper in this judicial district as the facts and events giving rise to Plaintiffs' claims occurred in this judicial district.

**PARTIES**

4.     Trunk Club is a Delaware corporation with its principal place of business in Chicago, Illinois that conducts business in Cook County Illinois.  Trunk Club employs personal stylists to select and send customized clothing to customers nationwide through the mail.

5.     Ms. Burns was employed by Trunk Club and left in June of 2014.  Ms. Burns is favorably known amongst Trunk Club's customers for her unique style and skill in selecting clothes.

**FACTS**

6.     On or about August 15, 2016, Trunk Club sent an e-mail message promoting its goods and services to a customer who dealt with Ms. Burns in her capacity as a Trunk Club employee.  A true and accurate copy of this e-mail is attached hereto as Exhibit A.

7.     The August 15 e-mail message displayed "Jamie Burns" as the sender name in the "From" line, and was transmitted from the e-mail address "jamieb+t@trunkclub.com."

8.     During her employment, Ms. Burns contacted customers through the e-mail address "jamieb@trunkclub.com."

9.    The August 15 e-mail message also included a large link at the bottom of the page that read "MESSAGE JAMIE."

10.    On information and belief, Trunk Club sent the August 15 e-mail message and other similar messages to other of Trunk Club's customers within the statute of limitations period.

11.    Ms. Burns has at no time granted Trunk Club permission or consent to use her name in any way, including in connection with or for the purpose of promoting its goods or services.

12.    Ms. Burns has been damaged by Trunk Club, whose unauthorized promotional e-mails infringe her right of publicity and falsely implies her origination or endorsement of Trunk Club's goods and services.

13.    Ms. Burns sent a cease-and-desist letter to Trunk Club on August 19, 2016.  A true and accurate copy of this letter is attached hereto as Exhibit B.  As of the date of this filing, Trunk Club has not responded or otherwise contacted Ms. Burns.

**COUNT I**
**(Violation of Section 43(a) of the Lanham Act)**

14.    Plaintiff realleges and incorporates by reference paragraphs 1 through 13 of this Complaint.

15.    Trunk Club's unauthorized use in interstate commerce of Ms. Burns' name and identity in connection with the promotion of its goods and services was a false and misleading representation of fact that is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Trunk Club's goods and services with Ms. Burns or as to the origination, sponsorship or approval of Trunk Club's goods and services by Ms. Burns.

16.     Ms. Burns has been damaged by these acts, all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

17.     This case is an exceptional case pursuant to 15 U.S.C. § 1117.

WHEREFORE, Ms. Burns requests that relief be granted in her favor and against Trunk Club for: (a) damages sustained by Ms. Burns, including Trunk Club's profits; (b) attorneys' fees and costs; (c) a permanent injunction requiring Trunk Club to refrain from any use of Ms. Burns' name, e-mail address, or any confusingly similar mark without prior authorization from Ms. Burns; (d) an order requiring Trunk Club to send corrective e-mails to individuals who received infringing e-mails; and (e) such other and further relief as the Court deems just and proper.

## COUNT II
### (Violation of Section 43(c) of the Lanham Act)

18.     Plaintiff realleges and incorporates by reference paragraphs 1 through 17 of this Complaint.

19.     Ms. Burns' name is a famous mark within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

20.     Trunk Club's unauthorized use of the mark "Jamie Burns" in connection with the promotion of its goods and services has caused or is likely to cause dilution by the blurring or tarnishment of the mark.

21.     Trunk Club willfully intended to trade on the recognition of the famous mark.

22.     Ms. Burns has been damaged by these acts.

23.     This case is an exceptional case pursuant to 15 U.S.C. § 1117.

WHEREFORE, Ms. Burns requests that relief be granted in her favor and against

Trunk Club for: (a) damages sustained by Ms. Burns, including Trunk Club's profits; (b) attorneys' fees and costs; (c) a permanent injunction requiring Trunk Club to refrain from any use of Ms. Burns' name, e-mail address, or any confusingly similar mark without prior authorization from Ms. Burns; (d) an order requiring Trunk Club to send corrective e-mails to individuals who received infringing e-mails; and (e) such other and further relief as the Court deems just and proper.

### COUNT III
### (Violation of the Illinois Right to Publicity Act)

24.     Plaintiff realleges and incorporates by reference paragraphs 1 through 23 of this Complaint.

25.     Trunk Club's unauthorized use of Ms. Burns' identity for commercial purposes is a violation of the IRPA, 765 ILCS § 1075/1 *et seq.*

26.     Trunk Club's use of Ms. Burns' identity was unauthorized because Trunk Club did not obtain Ms. Burns' consent to use of her identity in connection with the promotional e-mails.  In fact, Trunk Club did not even request Ms. Burns' consent.

27.     Trunk Club's use of Ms. Burns' identity was willful because it used Ms. Burns' identity intentionally and with knowledge that its use was not authorized.

28.     Ms. Burns has been damaged by Trunk Club's unauthorized use of her identity.

WHEREFORE, Ms. Burns requests that relief be granted in her favor and against Trunk Club for: (a) actual damages sustained by Ms. Burns, including Trunk Club's profits, or $1,000.00, whichever is greater; (b) punitive damages; (c) attorneys' fees and costs; (d) a permanent injunction requiring Trunk Club to refrain from any use of Ms. Burns' identity without prior authorization from Ms. Burns; (e) an order requiring Trunk

Club's to send corrective e-mails to individuals who received infringing e-mails; and (f)

such other and further relief as the Court deems just and proper.


Respectfully submitted,
JAMIE BURNS


Dated: September 30, 2016          By:          /s/ Jac A. Cotiguala

Attorney for Plaintiff


Jac. A. Cotiguala
Jac. A. Cotiguala & Associates
431 South Dearborn Street, Suite 606
Chicago, IL 60605
Telephone: (312) 939-2100